UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM EDWIN HUELSTER                          CIVIL ACTION

VERSUS                                          NO. 14-2399

SOCIAL SECURITY ADMINISTRATION                  SECTION "H" (3)

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA").  The matter has been fully briefed on cross-motions for summary judgment and is ripe for review.  For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be GRANTED, the Commissioner's cross-motion be DENIED, and plaintiff's case be REMANDED to the Commissioner for an opinion consistent with this report and recommendation.

I.      BACKGROUND

Plaintiff filed an application for a period of disability and DIB on May 8, 2012, alleging a disability onset date of February 27, 2012. (Adm. Rec. at 115-17).  Plaintiff alleged disability due to afiberation high blood pressure, depression, and a broken back. (*Id.* at 132).  Plaintiff, born on April 3, 1955, was 56 years old on the date on which he alleged disability and 58 years old at the time of the final administrative decision. (*Id.* at 128).  Plaintiff has a high school education and one year of college. (*Id.* at 132).  Plaintiff has past work experience as a letter carrier. (*Id.* at 133).

Defendant initially denied plaintiff's application on June 1, 2012 and on reconsideration on July 19, 2012. (*Id.* at 10).  Plaintiff sought an administrative hearing, which defendant held on July 1, 2013. (*Id.* at 21-45).  Plaintiff and a vocational expert ("VE"), Karen Harrison, testified at the hearing.

On September 5, 2013, the administrative law judge ("ALJ") issued a decision in which she found that plaintiff had not been disabled through the date of the decision. (*Id.* at 10-17).  In the decision, the ALJ concluded that plaintiff has the severe impairments of lumbar and thoracic degenerative disc disease, heart fibrillation, hypertension, and obesity. (*Id.* at 12).  The ALJ held that plaintiff does not have an impairment that meets or medically equals a listed impairment under the regulations. (*Id.* at 13).  The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work activity as defined in 20 C.F.R. § 404.1567(b) with some additional constraints. (*Id.* at 13).  She concluded that plaintiff can occasionally lift and/or carry 20 pounds and frequently lift and/or carry ten pounds; can stand/walk for a total of six hours in an eight-hour workday; can sit for six hours in an eight-hour workday; never climb ladders/ramps/scaffolds; and occasionally climb ramps/stairs, balance, stoop, kneel, crouch , and crawl. (*Id.*).  The ALJ concluded that plaintiff can not perform his past relevant work as a letter carrier but that he had acquired work skills from past relevant work that are transferable to other occupations with jobs existing in the national economy, such as routing clerk and route delivery clerk. (*Id.* at 17).  The ALJ thus denied plaintiff DIB. (*Id.*).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that he is not disabled. (*Id.* at 6).  On August 20, 2014, the Appeals Council denied plaintiff's request. (*Id.* at 1-5). Plaintiff

then timely filed this civil action.

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.  Any

of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

### III.     ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is considered disabled only if her physical or mental impairment is so severe that she is unable to do not only her previous work, but can not, considering her age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which she lives, whether a specific job vacancy exists, or whether she would be hired if she applied for work.  42 U.S.C. § 1382(a)(3)(B).   The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).   The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).  If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step V also requires the Commissioner to use the medical-vocational guidelines to make her disability determination.  *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians;

(3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

## IV.    ISSUES ON APPEAL

There is one issue on appeal:

(1)   Whether substantial evidence supports the ALJ's finding at Step Five that plaintiff is capable of performing other work existing in significant numbers in the national economy.

## V.    ANALYSIS

### 1.    Whether substantial evidence supports the ALJ's finding at Step Five that plaintiff is capable of performing other work existing in significant numbers in the national economy.

The Social Security Act requires that before an individual is considered not disabled, work which that individual can still perform must exist "in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A). The statute further clarifies that with respect to any individual, "work which exists in the national economy" means "work which exists in *significant numbers* either in the region where such individual lives or in several regions of the country." *Id.* (emphasis added). The Commissioner's implementing regulation states: "We consider that work exists in *significant numbers* when it exists in *significant numbers* either in the region where you live or in several other regions of the country . . . ." 20 C.F.R. § 404.1566 (2005) (emphasis added); *see also Gaspard v. Soc. Sec. Admin. Com'r*, 609 F.Supp. 2d 607, 618 (E.D. Tex. 2009).

Plaintiff argues that the ALJ erred at Step V when she failed to find that the jobs of routing clerk and route delivery clerk exist in significant numbers in the national economy. Recognizing that plaintiff is correct, the Commissioner counters that the ALJ was not required to find that the jobs exist in significant numbers in the national economy because she "based her finding regarding Plaintiff's ability to perform a significant number of jobs in the national economy on the Medical-Vocational Guidelines (Grids)." [Doc. #13-1 at p. 3]. But the Commissioner provides no authority for this proposition, and this Court has found none in its independent research, which reveals that courts universally determine the "significant numbers" of jobs in the national economy if they arrive at Step V.

Indeed, under normal circumstances, the VE would testify to the "significant numbers" of jobs in the national economy, yet here, she failed to do so. Amazingly, the VE testified to the significant numbers of the positions of office clerks, hand packers, laborers, and vehicle cleaners. (Adm. Rec. at 40-41). But the ALJ did not find that plaintiff can perform these positions; she found that he can perform the positions of routing clerk and route delivery clerk. There is no evidence or testimony in the record to support a finding that these jobs exist in significant numbers in the national economy. In this Court's opinion, this requires a remand to the ALJ to make such a finding.[1]

**VI. CONCLUSION**

Accordingly,

---

[1] Because the Court remands on this issue alone, it does not reach plaintiff's other arguments.

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be GRANTED, the Commissioner's cross-motion be DENIED, and plaintiff's case be REMANDED to the Commissioner for an opinion consistent with this report and recommendation.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 23rd day of October, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**